**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN SERGIO LOERA-HERRERA,

    Defendant - Appellant.

No. 19-1402
(D.C. No. 1:19-CR-00258-PAB-1)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **EID**, and **CARSON**, Circuit Judges.

This matter is before the court on the government's motion to enforce the

appeal waiver in Juan Sergio Loera-Herrera's plea agreement pursuant to *United*

*States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

Exercising jurisdiction under 28 U.S.C. § 1291, we grant the motion and dismiss the

appeal.

Loera-Herrera pleaded guilty to illegal reentry by a previously deported alien,

in violation of 8 U.S.C. § 1326(a).  As part of his plea agreement, he waived his right

to appeal his conviction and sentence, unless the government appealed the sentence

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

or the sentence exceeded either the ten-year statutory maximum, *see* 8 U.S.C. § 1326(b)(1), or the advisory guideline range applicable to a total offense level of 12. The plea agreement acknowledged that Loera-Herrera was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and appeal waiver. At the change of plea hearing, the district court reminded him of the possible sentences and broad appeal waiver, and he confirmed that he understood and that he wanted to plead guilty. Based on his responses to the court's questions and its observations of his demeanor during the hearing, the court accepted Loera-Herrera's plea as having been knowingly and voluntarily entered. It then sentenced him to 21 months' imprisonment, which was well below the statutory maximum and at the bottom of the guideline range of 21 to 27 months applicable to a total offense level of 12. The government did not appeal the sentence. Despite the fact none of the exceptions to the appeal waiver applied, Loera-Herrera filed a notice of appeal.

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

In response to the government's motion to enforce, Loera-Herrera, through counsel, "acknowledge[d] that his appeal waiver is enforceable under the standard sot out in [*Hahn*]." Aplt. Resp. at 1. He thus conceded that his waiver was knowing and

2

voluntary, that his appeal falls within the scope of the waiver, and that enforcement of the waiver would not result in a miscarriage of justice. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (noting that court need not address uncontested *Hahn* factor).

Accordingly, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam

3